IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Kevin Horn, D.B.A. )<br>Shipshewana Spice Company )<br>P.O. Box 1041 )<br>Warsaw, IN 46581 )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>Bob Wilson, D.B.A. )<br>Amish Farms  and )<br>Shipshewana's Best Spice Co. )<br>225 Elm St )<br>Millersburg, IN 46543 )<br>  )<br>  Defendant. ) | Civil Action No.: 3:15-cv-524<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING, FALSE DESCRIPTION, TRADEMARK DILUTION, AND UNFAIR COMPETITION**

Plaintiff, Kevin Horn, who does business as "Shipshewana Spice Company" (hereinafter "Plaintiff"), by his attorneys, files this Complaint against Defendant, Bob Wilson, who does business as "Amish Farms" and "Shipshewana's Best Spice Company" (hereinafter "Defendant"), alleges as follows:

### I. JURISDICTION AND VENUE

1. This is a Complaint for Trademark Infringement, Trademark Counterfeiting, False Description, Trademark Dilution, and Unfair Competition, arising under §§ 32 and 43 of the Lanham Act; 15 U.S.C. §§ 1114(1) (Trademark Infringement and Trademark Counterfeiting), 15 U.S.C. §§ 1125(a) (Unfair Competition and False Description), 15

1

U.S.C. §§ 1125(c) (Trademark Dilution).

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. §1121. This Court has related claim jurisdiction over any state law tort claims pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the Defendant because Defendant resides personally and maintains his principal place of business in the State of Indiana.

4. Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendant is subject to personal jurisdiction in this district at the time the action is commenced, and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the Defendant maintains his principal place of business in this district.

## II. THE PARTIES

5. Plaintiff is the sole proprietor of Shipshewana Spice Company, a company registered in LaGrange County, in the State of Indiana, having a principal place of business in Warsaw, Indiana, 46581.

6. Upon information and belief, Defendant's business is not incorporated but has a primary business address in Shipshewana, Indiana 46565.

7. Plaintiff is unaware of any business registration of Defendant's business and unaware of the capacity of Defendant sued herein. Plaintiff will amend this Complaint to allege any registered business name and capacities of any agents when ascertained. Plaintiff is informed and therefore alleges that the Defendant is responsible for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by the

Defendant.

## III. FACTUAL BACKGROUND

8. Plaintiff runs a business known as "Shipshewana Spice Co." that has been selling spices and other seasonings since 1994, both locally in north-central Indiana and online at [www.shipshewanaspicecompany.com](www.shipshewanaspicecompany.com). Plaintiff's business has been registered in LaGrange County, Indiana since 2002. A true and correct copy of the web page, as of October 20, 2015, is attached as Exhibit A.

9. The name "HAPPY SALT" has been associated with Plaintiff's quality spices since 1994. Plaintiff has at all times continued to use the name "HAPPY SALT" in commerce associated with quality spices.

10. On March 26, 2012, Plaintiff applied for a trademark for the words "HAPPY SALT" for "Seasonings, namely, Seasonings in salt" in International Class 30. On November 13, 2012, Plaintiff was granted registration number 4,241,663 by the United States Patent and Trademark Office. A true and correct copy of the registration is attached as Exhibit B.

11. Defendant operates a website at [www.amishfarms.com](www.amishfarms.com) that holds itself out to be affiliated with Plaintiff's business and invites customers to purchase counterfeit goods that pass themselves off as the rightful holder of Plaintiff's mark, claims a professional relationship by labeling the counterfeit goods with Plaintiff's trademark and variants thereof. This web page offers "HAPPY SALT SEASONING", "HAPPY HEARTS SALT FREE SEASONING", and "HAPPY SEA SALT SEASONING", (hereinafter "Accused Products"). Defendant's website is not and has never been authorized by Plaintiff to advertise or sell anything with Plaintiff's mark. A true and correct copy of the web page, as of October 20, 2015, is attached as Exhibit C.

12. Both Plaintiff's and Defendant's spices are sold in containers of identical size and shape. The product contained therein is visibly similar.



**PLAINTIFF'S PRODUCT**   **DEFENDANT'S PRODUCT**

13. Plaintiff's label and Defendant's label are nearly identical, in the information displayed, the arrangement of the information, and colors used. The listing of ingredients between the two is the same. "HAPPY SALT" is prominently displayed on both.

14. Plaintiff became aware of Defendant's infringing behavior around January 2013 when a distributor of Plaintiff's spices (Mike Weaver - Manager of E&S Sales) observed over-

the-counter sale of Accused Products. Accused Product was being offered for sale at the 5 & 20 Country Kitchen in Shipshewana, Indiana 46565.

15. Defendant's spices, including Accused Products, are for sale at other retail locations. The website (Ex. C) discloses other retail locations.

16. A cease and desist letter was sent to Defendant on January 22, 2013. A true and correct copy of the letter is attached as Exhibit D.

17. After receiving Plaintiff's cease and desist demand, Defendant changed the advertised name from "HAPPY SALT" to "HAPPY SALT SEASONING" to continue enjoying the commercial goodwill and recognition brought by the unapproved use of Plaintiff's name.

18. A second cease and desist letter was sent to Defendant on February 21, 2013, instructing that the continued infringing use is still unacceptable. A true and correct copy of the second letter is attached as Exhibit E.

19. Defendant's website, under "Best Sellers", (http://amishfarms.com/category_8/Best-Sellers.htm) prominently displays only products containing Plaintiff's mark "HAPPY" and always associates it with salt. A true and correct copy of the web page, as of October 13, 2015, is attached as Exhibit F.

20. Defendant's website has been used to advertise, distribute, promote, offer for sale, and sell Accused Products that infringe Plaintiff's trademark.

21. Defendant has routinely been and continues to be fraudulently passing off Accused Products in an effort to interfere with and deceptively lure business away from Plaintiff. Plaintiff has no relationship whatsoever with Defendant.

22. Plaintiff has no control over the nature and quality of the products sold by Defendant bearing the Plaintiff's trademark.

23. Defendant's sale of Accused Products, throughout the course of business, to fraudulently attract consumers, to market and promote its products in general, is deceptively and confusingly similar to Plaintiff's long-standing trademark for "HAPPY SALT".

24. Defendant's products are sold in the same types of wholesale, retail and distribution channels, and to the same classes of purchasers as Plaintiff's products.

25. Defendant does business primarily as "Amish Farms", but Accused Products prominently display "Shipshewana's Best Spice Company", a name that is nearly identical to Plaintiff's business name, "Shipshewana Spice Company".

26. Defendant's wrongful use of Plaintiff's mark along with prominently labeling Accused Products with a deceivingly similar business name is likely to cause confusion, mistake, or deception in the minds of the public.

27. Defendant's continued infringement after receiving two cease and desist letters (Ex. D and E) constitutes a willful and malicious violation of Plaintiff's trademark rights, aimed at preventing Plaintiff from continuing to build a business around a mark that it rightfully owns.

## FIRST CLAIM

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32; 15 U.S.C. §1114

28. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 27.

29. Defendant's operation of a website that sells products directly to consumers, along with the over the counter sales at several retail outlets, constitute use in commerce of Plaintiff's trademark.

30. Defendant has used "HAPPY SALT," knowing it is the exclusive property of Plaintiff, in

connection with the sale, distribution, promotion, and advertisement of his goods.

31. Defendant has used colorable imitations of "HAPPY SALT," such as the aforementioned products (Ex. F) in connection with the sale, distribution, promotion, and advertisement of Accused Products.

32. Defendant's activities create the false and misleading impression that Defendant is sanctioned or otherwise authorized by Plaintiff for his use of "HAPPY SALT".

33. Defendant has engaged in the aforementioned activities with the intent to confuse and deceive the public into believing that Defendant's goods are sponsored, affiliated, or associated with Plaintiff - which in fact they are not.

34. Defendant's wrongful use of the name "HAPPY SALT" and colorable imitations comprise an infringement of Plaintiff's registered trademark "HAPPY SALT" and is certain to cause confusion, mistake, and deception of the public as to the identity and origin of Plaintiff's goods, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

35. Defendant's use of Plaintiff's trademark has resulted in Defendant unfairly benefiting from the goodwill and reputation of Plaintiff's products and business.

36. Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act; 15 U.S.C. §1114.

37. By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. §1114 for: (a) the amount representing three times Plaintiff's damages or Defendant's illicit profits, and (b) reasonable attorney's fees, investigative fees, and prejudgment interest pursuant to 15 U.S.C. §1117.

# SECOND CLAIM

## TRADEMARK COUNTERFEITING UNDER LANHAM ACT § 32; 15 U.S.C. §1114

38. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 37.

39. Defendant's operation of a website that sells products directly to consumers, along with the over-the-counter sales at several retail outlets, constitute use in commerce of Plaintiff's trademark.

40. Defendant has used spurious designations that are identical with, or substantially indistinguishable from Plaintiff's Trademark on goods covered by registration for the Trademark.

41. Defendant has used "HAPPY SALT", knowing it is the exclusive property of Plaintiff, in connection with the sale, distribution, promotion, and advertisement of his goods.

42. Defendant has used colorable imitations of "HAPPY SALT", such as the aforementioned examples (Ex. F) in connection with the sale, distribution, promotion, and advertisement of his counterfeit goods.

43. Defendant's activities create the false and misleading impression that defendant is sanctioned or otherwise authorized by Plaintiff for his use of "HAPPY SALT" and colorable imitations thereof.

44. Defendant has willfully and deliberately engaged in the aforementioned activities with the intent to confuse and deceive the public into believing that Defendant's goods are sponsored, affiliated, or associated with Plaintiff - which in fact they are not.

45. Defendant's wrongful use of the name "HAPPY SALT" and colorable imitations comprise an infringement of Plaintiff's registered trademark "HAPPY SALT" and is

certain to cause confusion, mistake, and deception of the public as to the identity and origin of Plaintiff's goods, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

46. Defendant's use of Plaintiff's trademark has resulted in Defendant unfairly benefiting from the goodwill and reputation of Plaintiff's products and business.

47. Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act; 15U.S.C. §1114.

48. By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S. C. §1114 for: (a) the amount representing three times Plaintiff's damages or Defendant's illicit profits, and (b) reasonable attorney's fees, investigative fees, and prejudgment interest pursuant to 15 U.S.C. §1117.

## THIRD CLAIM

## FALSE DESCRIPTION UNDER LANHAM ACT§ 43; 15 U.S.C. §1125

49. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 48.

50. Defendant's operation of a website that sells products directly to consumers, along with the over-the-counter sales at several retail outlets, constitutes use in commerce of Plaintiff's trademark.

51. Defendant's wrongful use of Plaintiff's mark is such a colorable imitation and copy of Plaintiff's trademark established in the spice market for consumer products that Defendant's use thereof in the context of spices and seasonings is likely to cause confusion, cause mistake, or to deceive consumers as to the affiliation, connection or

association of Plaintiff's products, or to deceive consumers as to the origin, sponsorship, or approval by Plaintiff of the Defendant's counterfeit products.

52. Plaintiff avers that Defendant's use of the mark "HAPPY SALT" and colorable imitations thereof comprise a false description or representation of Defendant's business or products under 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act).

53. Defendant has deliberately and willfully labeled his product as "Shipshewana's Best Spice Company" to confuse customers to associate Accused Products with Plaintiff's business name "Shipshewana Spice Company".

54. Plaintiff's business has been damaged by Defendant's wrongful use of Plaintiff's mark.

55. By reason of the foregoing, Defendant is liable to Plaintiff for: (a) an amount representing three times Plaintiff's damages or Defendant's illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. §1117.

## FOURTH CLAIM

## **TRADEMARK DILUTION UNDER LANHAM ACT§ 43; 15 U.S.C. §1125**

56. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 55.

57. Defendant's operation of a website that sells products directly to consumers, along with the over the counter sales at several retail outlets, constitute use in commerce of Plaintiff's trademark.

58. The word "HAPPY" as it applies to salt is arbitrary and distinct. Further, "HAPPY SALT" has acquired distinctiveness through continuous use in the spice market for over twenty years.

59. "HAPPY SALT" is inherently distinctive.

60. Defendant has used "HAPPY SALT" in connection with the sale, distribution, promotion, and advertisement of his goods – all without permission by Plaintiff.

61. The "HAPPY SALT" mark is famous and distinctive and is entitled to protection against dilution by blurring or tarnishment.

62. Defendant commenced use of the confusingly similar business name and "HAPPY SALT" mark in commerce long after the Plaintiff's name and mark had become famous and distinctive.

63. By using Plaintiff's name and mark in connection with spices in which consumers are deceived as to the nature and source of the goods provided, Defendant has injured and will continue to injure Plaintiff's business reputation, have tarnished the distinctive quality of Plaintiff's famous name and mark, and have lessened the capacity of Plaintiff's marks to identify and distinguish Plaintiff's goods, in violation of 15 U.S.C. § 1125(c).

64. As a result of Defendant's tarnishment of Plaintiff's business name and mark, Plaintiff has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## FIFTH CLAIM

### UNFAIR COMPETITON UNDER LANHAM ACT§ 43; 15 U.S.C. §1125

65. Plaintiff repeats and hereby incorporates herein by reference, as though specifically

pleaded herein, the allegations of paragraphs 1 through 64.

66. Defendant has used "HAPPY SALT" in connection with the sale, distribution, promotion, and advertisement of his goods – all without permission by Plaintiff.

67. Defendant has deliberately and willfully attempted to trade on Plaintiff's longstanding and hard-earned goodwill in its name and mark and the reputation established by Plaintiff in connection with its products, as well as in order to confuse consumers as to the origin and sponsorship of Defendant's goods and to pass off their products in commerce as those of Plaintiff.

68. Plaintiff's deceptive labeling as to the business source and the outright trademark infringement by using "HAPPY SALT" constitutes passing off.

69. Defendant's use of Plaintiff's mark to promote, market, or sell its products in direct competition with Plaintiff's products constitutes Unfair Competition pursuant to 15 U.S.C. §1125(a). Defendant's use of Plaintiff's mark is likely to cause confusion, mistake, and deception among consumers. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

70. Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its products offered under Plaintiff's marks, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant.

71. Plaintiff alleges that Defendant's wrongful use of Plaintiff's trademark inures to and creates a likelihood of injury to Plaintiff's business reputation because persons encountering Plaintiff and his counterfeit products will believe that Defendant is affiliated

with or related to or has the approval of Plaintiff, and any adverse reaction by the public to Defendant and the quality of its products and the nature of its business will injure the business reputation of Plaintiff and the goodwill that it enjoys in connection with its mark.

72. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant and his spices with Plaintiff's spices, and as to the origin, sponsorship, or approval of Defendant and his products, in violation of Section 43 of the Lanham Act; 15 U.S.C. § 1125(a)(1).

73. Defendant had direct and full knowledge of Plaintiff's prior use of and rights in its marks before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

74. As a result of Defendant's aforesaid conduct, Plaintiff has suffered commercial damage, continuing loss of goodwill, and reputation established by Plaintiff in its mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

**WHEREFORE, Plaintiff prays judgment against Defendant as follows:**

1. The Defendant and his agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through, or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from:
    a. Using Plaintiff's registered trademark depicted in Exhibit B, or any colorable imitation thereof;
    b. Using "HAPPY" to designate any salt product or any variant thereof;
    c. Using any trademark that imitates, or is confusingly similar to, or in any way

    similar to Plaintiff's trademark "HAPPY SALT," or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products or their connectedness to Defendant; and

    d. Labeling any product with "Shipshewana's Best Spice Company" or any colorable imitation thereof.

2. The Defendant be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

3. That, pursuant to 15 U.S.C. §1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. §1117, Defendant be compelled to account to Plaintiff for any and all profits derived by its acts complained of herein;

5. That the Defendant be ordered pursuant to 15 U.S.C. §1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe on Plaintiff's trademark rights, as well as all plates, matrices, molds, dies, masters and other means of making the same;

6. For damages not less than $100,000, and to the extent permitted by law;

7. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1117.

8. That the Court grant Plaintiff any other remedy to which it may be entitled as provided for in 15 U.S.C. §§1116 and 1117 or under state law; and,

9. For such other and further relief as the Court deems just and proper.

Dated: November 6, 2015    Respectfully submitted,

*S/Garrick T. Lankford*
Garrick T. Lankford (Bar No. 28648-20)
E-mail glankford@bhlawyers.net
Michael D. Marston (Bar No. 26875-71)
E-mail mmarston@bhlawyers.net
Botkin & Hall, LLP
Suite 400, Jefferson Centre
105 East Jefferson Blvd.
South Bend, IN 46601-1913
Phone: (574) 234-3900
Facsimile: (574) 236-2839
*Attorneys for Plaintiff, Shipshewana Spice Company*

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document was filed electronically on November 6, 2015 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

S/ Garrick T. Lankford
Garrick T. Lankford